IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 28 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00132-BNB

MAMADOU FOFANA,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S,
OFFICER CLARKSON,
OFFICER FRANZ,
OFFICER JORDAN, and
THE CHAPLAIN OF THE COUNTY JAIL,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

Plaintiff, Mamadou Fofana, currently is detained at the Denver Contract Detention Facility in Aurora, Colorado. Mr. Fofana, acting *pro se*, initiated this action by filing a Complaint alleging that his constitutional rights have been violated. The Complaint was deficient. Magistrate Judge Boyd N. Boland instructed Mr. Fofana to cure the deficiency by filing his claims on a current Court-approved form used in filing prisoner complaints, which he did on February 10, 2011. Mr. Fofana has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Prisoner Complaint liberally because Mr. Fofana is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Fofana will be ordered to file an Amended Prisoner Complaint.

The Court has reviewed Mr. Fofana's Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989)*. The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992)*. Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Fofana fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Fofana's claims apparently arise out of an incident that occurred on May 20, 2009, when several of the named Defendants allegedly assaulted him. However, Mr. Fofana fails to articulate clearly what specific claim or claims he is asserting against each named Defendant and he fails to provide specific factual allegations in support of his claims. In addition, Mr. Fofana's handwriting is difficult to

read. Mr. Fofana has also failed to complete the "Request for Relief" section of the Complaint.

In order to state a claim in federal court, Mr. Fofana "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Further, Mr. Fofana may not sue the Jefferson County Sheriff's Office or Jail because they are not entities separate from Jefferson County and, therefore, are not persons under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Sheriff's Department or the Detention Facility must be considered as asserted against Jefferson County.

In addition, municipalities and municipal entities such as Jefferson County are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Fofana cannot state a claim for relief under

§ 1983 against a municipality merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Mr. Fofana also must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Fofana must name and show how each named defendant caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Fofana, therefore, will be directed to file an Amended Prisoner Complaint that names only proper parties and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violation. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Fofana file an Amended Prisoner Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Fofana, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Fofana fails to file an Amended Prisoner Complaint within the time allowed the action will be dismissed without further notice.

DATED February 28, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00132-BNB

Mamadou Fofana-Cisse
Prisoner No.  73187296
Denver Contract Detention Facility
3130 N Oakland St
Aurora, CO 80010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on February 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk