FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 7 2011

GREGORY C. LANGHAM
                      CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00132-BNB

MAMADOU FOFANA,

    Plaintiff,

v.

JEFFERS[ON] COUNTY SHERIFF'S [OFFICE],
OFFICER CLARKSON,
OFFICER FRANZ,
OFFICER JORDAN, and
THE CHAPLAIN OF THE COUNTY JAIL,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Mamadou Fofana, currently is detained at the Denver Contract Detention Facility in Aurora, Colorado. Mr. Fofana, acting *pro se*, initiated this action by filing a Complaint alleging that his constitutional rights have been violated. The Complaint was deficient. Magistrate Judge Boyd N. Boland instructed Mr. Fofana to cure the deficiency by filing his claims on a current Court-approved form used in filing prisoner complaints, which he did on February 10, 2011.

On February 28, 2010, Magistrate Judge Boland found that the Complaint was deficient because it named improper parties and because it failed to allege the personal participation of each named Defendant. Magistrate Judge Boland directed Mr. Fofana to submit an Amended Prisoner Complaint, which he filed on March 7, 2011. Mr.

Fofana has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Amended Prisoner Complaint liberally because Mr. Fofana is a *pro se* litigant. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon*,** 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See *Hall*,** 935 F.2d at 1110. For the reasons stated below, the Amended Complaint will be dismissed in part.

Although the Amended Complaint is not the model of clarity, Mr. Fofana appears to assert two claims for relief. First, he alleges that on May 20, 2009, Defendants Clarkson, Franz, and Jordan used wanton and excessive force against him. Mr. Fofana asserts that the named Defendants shot him with a Taser at least five times, assaulted him, and "hog tied" him in a position that caused injury to his back and head. Mr. Fofana asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated. In his second claim, Mr. Fofana asserts that Defendant Chaplain of Jefferson County Jail violated his First Amendment right when the Defendant denied Mr. Fofana a religious diet during the month of Ramadan. Mr. Fofana seeks damages.

However, Mr. Fofana may not sue the Jefferson County Sheriff's Office because it is not a separate entity from Jefferson County and, therefore, is not a person under 42 U.S.C. § 1983. **See *Stump v. Gates*,** 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Sheriff's Office must be considered as asserted against Jefferson County.

In addition, municipalities and municipal entities, such as Jefferson County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Fofana cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694. Mr. Fofana fails to identify any municipal policy or custom that would support a claim against this Defendant. Therefore, Defendant Jefferson County Sheriff's Office is not a proper party to this action and will be dismissed.

The Court will not address at this time the merits of Mr. Fofana's constitutional claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendant Jeffers[on] County Sheriff's [Office] is dismissed as a party to this action for the reasons stated in this order. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendant Jeffers[on] County Sheriff's [Office] from the docket as a party to the action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 7th day of April, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00132-BNB

Mamadou Fofana
Prisoner No. A73187296
Denver Contract Detention Facility
3130 N Oakland St
Aurora, CO 80010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk