IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00132-REB-MEH

MAMADOU FOFANA,

    Plaintiff,

v.

OFFICER CLARKSON,
OFFICER FRANZ,
OFFICER JORDAN, and
THE CHAPLAIN OF THE COUNTY JAIL,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Compel [filed September 2, 2011; docket #46]. The matter is referred to this Court for resolution [docket #47]. On September 6, 2011, this Court ordered that Plaintiff file a response to the motion on or before September 26, 2011; however, the Plaintiff filed no response. For the reasons that follow, the Court **grants** the Defendants' motion.

Plaintiff initiated this action on January 19, 2011, filed an Amended Complaint on February 10, 2011, and filed a Second Amended Complaint on March 7, 2011, claiming essentially that Defendants Clarkson, Franz and Jordan demonstrated deliberate indifference to his health and safety when they shot him with a Taser at least five times, assaulted him and "hog tied" him in a position that caused injuries to his back and head. In addition, Plaintiff alleges that the Chaplain of Jefferson County Jail denied him a religious diet during the month of Ramadan. Defendants filed an Answer denying all substantive allegations.

In their motion to compel, Defendants contend that, pursuant to the governing Scheduling

Order and the applicable federal rules, Plaintiff was required to provide responses to Defendant's written discovery requests (interrogatories, requests for admission and requests for production of documents) on or before August 12, 2011. However, according to Defendants, Plaintiff provided no responses to the discovery requests, and has provided nothing despite Defendant's efforts to seek and confer with Plaintiff regarding the discovery requests. In addition, Plaintiff did not file a response to Defendants' motion in accordance with this Court's September 6, 2011 order.[1]

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2009). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

Here, the Plaintiff raises no objection to the discovery sought and the Court finds that Defendants' discovery requests, on their face, appear to be relevant to the claims and defenses raised in this matter pursuant to Fed. R. Civ. P. 26(b)(1). *See* Defendants' First Set of Combined Interrogatories, Requests for Production of Documents, and Requests for Admission to Plaintiff, docket #46-2. In addition, the requests are numbered within the limits set forth in the Scheduling Order.

"The Federal Rules of Civil Procedure give a district court ample tools to deal with a

---

[1] The Court notes that both the written discovery requests and the motion to compel contain certificates of service indicating that both were properly served upon the Plaintiff in accordance with Fed. R. Civ. P. 5 and the accompanying local rules.

recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Here, the record reflects that Plaintiff has failed to respond to Defendants' discovery requests in a timely fashion and has failed to respond to Defendants' motion to compel.  At no time did Plaintiff seek an extension from the Court for any of these deadlines.  Under these circumstances, the Court finds that the motion should be granted, and orders Plaintiff to respond to Defendants' First Set of Combined Interrogatories, Requests for Production of Documents, and Requests for Admission no later than October 17, 2011.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Compel [filed September 2, 2011; docket #46] is **granted** as specified herein.

Dated at Denver, Colorado, this 3rd day of October, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge