IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00132-REB-MEH

MAMADOU FOFANA,

    Plaintiff,

v.

OFFICER CLARKSON,
OFFICER FRANZ,
OFFICER JORDAN, and
THE CHAPLAIN OF THE COUNTY JAIL,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to comply with the Court's order to file a response to the Defendants' Motion for Summary Judgment and subsequent failure to respond to this Court's Order to Show Cause for his initial failure to respond. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164

**BACKGROUND**

The Plaintiff filed this case on January 19, 2011 and is proceeding *pro se*. On June 22, 2011, the Court held a Scheduling Conference and set a schedule for discovery in this case, including a deadline for filing dispositive motions of September 12, 2011. Defendant filed a Motion for Summary Judgment on August 24, 2011, which has been referred to this Court for recommendation.

On August 25, 2011, this Court issued an order directing the Plaintiff to file a response to the motion on or before September 14, 2011. Docket #45. On September 7, 2011, Plaintiff filed a "Motion to Request 90 Day Extention [sic] to File a Response to the Motion Schedule[d] for September 14, 2011." Docket #49. The Court granted in part and denied in part the motion on September 9, 2011, allowing the Plaintiff an additional 30 days within which to file a response. Docket #52. Thus, Plaintiff's response was due to be filed on or before October 14, 2011. *Id.* Plaintiff filed no response.

Consequently, this Court issued an order directing the Plaintiff to show cause why his Court should not recommend dismissal of the case for Plaintiff's failure to comply and to prosecute the action. Docket #55. Plaintiff was ordered to respond on or before November 7, 2011; however, Plaintiff filed no response. The Court notes that the record reflects the mailing of the Order to Show Cause to Plaintiff was returned to this Court as "undeliverable"; a handwritten note on the envelope reflects the words "not here" with an arrow pointing to Plaintiff's address. *See* docket #58.

In addition, the Court notes that, on October 3, 2011, it granted Defendants' motion to compel responses by the Plaintiff to Defendants' discovery requests. Docket #53. Plaintiff's

---

(10th Cir. 1986).

responses were due to be submitted to the Defendants on or before October 17, 2011. *Id.*[2] Defendants have notified the Court that, despite another subsequent attempt on October 18, 2011 to procure discovery responses from the Plaintiff, he has failed to respond. *See* docket #56.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. By order of this Court, Plaintiff's response to the Motion for Summary Judgment in this matter was due to be filed on or before October 14, 2011. As noted previously, no response was filed by the Plaintiff. Additionally, Plaintiff filed no request for an extension of time within which to file a response. Moreover, Plaintiff failed to respond to the order to show cause. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). In this Court, it is the Plaintiff's obligation to inform the Court of any changes of address by filing a notice of such change. D.C. Colo. LCivR 10.1M.

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte*

---

[2] The Court notes that a copy of the October 3, 2011 order was returned as undeliverable to the Plaintiff. *See* docket #54.

for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendant prejudice because it has been deprived of information and documents necessary to defend against Plaintiff's claims. Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate has interfered with the judicial process in that the Court has been unable to dispose of pending motions and prepare the case for trial. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes

with the administration of justice.

Furthermore, the Plaintiff has provided no justification for his failures to respond to Court orders and to participate in the litigation; his culpability is evident. The Court warned the Plaintiff in the Order to Show Cause that it would recommend dismissal for his failure to prosecute; yet, he has made no response. The Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiff has essentially abandoned this litigation; the record reflects that he no longer resides at the listed address and he has made no efforts to inform the Court of his whereabouts or to participate in the litigation. Thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## **CONCLUSION**

The Plaintiff appears to have abandoned his claims in this matter. He has failed to prosecute the case with due diligence by his failure to respond to this Court's order to show cause, and failure to comply with this Court's order to respond to the Defendant's Motion for Summary Judgment or to properly request an extension of time to respond if he was unable to do so in a timely manner. For these reasons alone, dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court **dismiss this case with prejudice** for Plaintiff's failure to prosecute this action, and **deny** Defendant's Motion for Summary Judgment [filed August 24, 2011; docket #42] and Defendant's Motion for Sanctions, or in the Alternative, Motion to Dismiss for Failure to Prosecute [filed October 27, 2011; docket #56] **as moot**.

Dated this 8th day of November, 2011, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge